IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | | |
|---|---|---|
| Gracie L. Adamson, | ) | |
| | ) | |
| Plaintiff, | ) | CA No. 8:06-2901-HMH-BHH |
| | ) | |
| vs. | ) | **OPINION & ORDER** |
| | ) | |
| Michael J. Astrue, Commissioner of | ) | |
| Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the court with the Report and Recommendation of United States Magistrate Judge Bruce Howe Hendricks, made in accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02 of the District of South Carolina.[1] Gracie L. Adamson ("Adamson") seeks judicial review of the Commissioner of Social Security's ("Commissioner") denial of her applications for disability insurance benefits ("DIB") and supplemental security income ("SSI") under Titles II and XVI of the Social Security Act. In her Report and Recommendation, Magistrate Judge Hendricks recommends affirming the Commissioner's decision. Adamson objects to the Report and Recommendation. For the reasons stated below, the court adopts the Magistrate Judge's Report and Recommendation and affirms the Commissioner's decision.

---

[1] The recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court. See Mathews v. Weber, 423 U.S. 261 (1976). The court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter with instructions. See 28 U.S.C. § 636(b)(1) (2006).

## I. FACTUAL AND PROCEDURAL BACKGROUND

The facts are fully set forth in the decision of the administrative law judge ("ALJ"), (R. at 17-23), and summarized as follows. At the time of the ALJ's decision on February 28, 2002, Adamson was a forty-nine-year-old woman with a high-school diploma and two years of college education. (Id. at 18.) Her past relevant employment includes positions as a county coordinator and a caseworker supervisor. (Id. at 18, 94.) Adamson alleges that she has been disabled since January 7, 2000, due to fibromyalgia, chronic fatigue, anxiety, lower back pain, and chest pain. (Id. at 18, 93.)

On January 13, 2000, Adamson filed applications for DIB and SSI. (Id. at 92-101.) The applications were denied initially and on reconsideration. (R. at 69-79, 266-72.) After a hearing held September 1, 2001, the ALJ issued a decision dated February 28, 2002, denying benefits. (Id. at 17-23.) On November 25, 2002, the Appeals Council denied Adamson's request for review. (Id. at 7-8.)

Adamson requested judicial review of the Commissioner's final decision, and on November 17, 2003, her case was remanded by this court to the Commissioner for further administrative proceedings. After a supplemental hearing on November 3, 2004, the ALJ found that Adamson was not disabled because she could perform her sedentary, skilled past relevant work. (Id. at 300-09.) On September 30, 2006, the Appeals Council denied Adamson's request for review. (Id. at 280-82.) The instant action was commenced on October 11, 2006.

## II. REPORT AND RECOMMENDATION

In its previous order adopting the Report and Recommendation of Magistrate Judge Hendricks, the court remanded the case so that the ALJ could properly explain the weight given to

2

the opinion of Adamson's treating physician, Dr. James Nichols ("Dr. Nichols"), and properly

assess Adamson's allegations of limited function and pain.  In her brief to the Magistrate Judge,

Adamson argued that on remand, the ALJ failed to do either.  (Pl.'s Br. 3-12.)  In addition,

Adamson argues that based on several comments made by the ALJ, the ALJ breached her duty of

impartiality and fairness.  (Id. 3-5.)

The Magistrate Judge found that the ALJ's decision was supported by substantial evidence

and that the ALJ had not erred on Adamson's grounds.  Accordingly, the Magistrate Judge

recommends affirming the Commissioner's decision to deny Adamson benefits.  (Jan. 22, 2008,

Report and Recommendation 9.)

### III. DISCUSSION OF THE LAW

### A.  Standard of Review

Under 42 U.S.C. § 405(g), the court may only review whether the Commissioner's decision

is supported by substantial evidence and whether the correct law was applied.  See Myers v.

Califano, 611 F.2d 980, 982 (4th Cir. 1980).  In other words, the court "must uphold the factual

findings of the [Commissioner only] if they are supported by substantial evidence *and* were

reached through application of the correct legal standard."  Craig v. Chater, 76 F.3d 585, 589 (4th

Cir. 1996) (emphasis added).

"A factual finding by the ALJ is not binding if it was reached by means of an improper

standard or misapplication of the law."  Coffman v. Bowen, 829 F.2d 514, 517 (4th Cir. 1987).

"Substantial evidence" is defined as "evidence which a reasoning mind would accept as sufficient

to support a particular conclusion."  Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990)

(internal quotation marks omitted).  Hence, if the Commissioner's finding is supported by

3

substantial evidence, the court should uphold the Commissioner's finding even if the court disagrees with it.  See id.

## B. Objections

First, Adamson objects to the Magistrate Judge's conclusion that the ALJ's comments about fibromyalgia in general were harmless error, if error at all.  (Objections 1-4.)  Second, Adamson objects to the Magistrate Judge's finding that the ALJ properly evaluated Adamson's credibility.  (Id. 4-5.)  Third, Adamson objects to the Magistrate Judge's finding that the ALJ properly assessed the opinion of Adamson's treating physician, Dr. Nichols.  (Id. 5-7.)

### 1.  ALJ's Comments

First, Adamson objects to the Magistrate Judge's finding that the ALJ's comments regarding fibromyalgia were harmless error, if error at all.  Adamson argues that several comments made by the ALJ during Adamson's second hearing on November 3, 2004, reveal that the ALJ questioned the general medical credibility of fibromyalgia in violation of her duty of impartiality and fairness.  (Id. 1-2.)  Specifically, the ALJ stated in reference to fibromyalgia, "[i]t's quite difficult for me because – and I'll put this into the record – because I have talked with some doctors who are friends and all doctors don't put much credibility in fibromyalgia.  But as the Court says, it is – Social Security considers it something for which you can be disabled."  (R. at 322.)  In addition, the ALJ stated, "[l]et me ask – I'm trying to understand this, Counselor, because I'll admit I have a real problem with fibromyalgia because I can read it in the book but I can't – it's something that is so nebulous that I can't get a good handle on it."  (Id. at 349.)

The court finds that the ALJ's statements did not compromise her duty of fairness and impartiality.  While she did acknowledge a recognized difference of opinion in the medical

community as to the validity of fibromyalgia, she also noted that despite any split of opinion, the

Social Security regulations recognize it as a valid condition capable of causing disability.  Further,

her question was an attempt to further understand the condition and in no way rendered her

opinion unfair or impartial.  Similarly, it is unclear how other comments objected to by Adamson

in reference to her attractiveness or apparent lack of pain during the hearing demonstrate that the

ALJ acted impartially or unfairly.  Finally, because the ALJ's decision, as discussed below, was

otherwise proper and supported by substantial evidence, the ALJ's comments were harmless error,

if error at all.  Therefore, Adamson's objection regarding the ALJ's comments during the second

hearing is without merit.

### 2.  Adamson's Credibility

Second, Adamson objects to the Magistrate Judge's conclusion that the ALJ properly

evaluated Adamson's credibility.  (Objections 4.)  Subjective complaints of pain are evaluated

under the test articulated in Craig, 76 F.3d at 594-95.  "[T]he determination of whether a person is

disabled by pain or other symptoms is a two-step process."  Id. at 594.  "First, there must be

objective medical evidence showing the existence of a medical impairment(s) which results from

anatomical, physiological, or psychological abnormalities and *which could reasonably be expected

to produce the pain or other symptoms alleged*."  Id. (internal quotation marks omitted).  The ALJ

must "expressly consider the threshold question of whether [Adamson] . . . demonstrated by

objective medical evidence an impairment capable of causing the degree and type of pain she

alleges."  Id. at 596.  Only after a claimant has met the threshold showing of a medical impairment

likely to cause pain must "the intensity and persistence of the claimant's pain, and the extent to

5

which it affects [his] ability to work . . . be evaluated." Id. at 595.  In making these

determinations,

> [i]t is not sufficient for the adjudicator to make a single, conclusory statement that
> the "individual's allegations have been considered" or that "the allegations are (or
> are not) credible."  It is also not enough for the adjudicator simply to recite the
> factors that are described in the regulations for evaluating symptoms.  The
> determination or decision must contain specific reasons for the finding on
> credibility, supported by the evidence in the case record, and must be sufficiently
> specific to make clear to the individual and to any subsequent reviewers the weight
> the adjudicator gave to the individual's statements and the reasons for that weight.

SSR 96-7p, 1996 WL 374186, at *2 (1996).

In the court's previous order remanding Adamson's case to the ALJ for further

proceedings, the court directed that because the ALJ had failed to specify in detail her reasons for

finding Adamson not credible, on remand the ALJ should properly assess Adamson's allegations

of limited function and pain.[2]  (Oct. 29, 2003, Report and Recommendation 7-8.)   In addition, the

court specifically directed the ALJ to consider the physical capacities evaluation ("PCE")

completed by Dr. Tallulah Holmstrom ("Dr. Holmstrom") on September 12, 2002, in her

credibility evaluation.  (Id.)

The Magistrate Judge found that on remand, the ALJ properly assessed Adamson's

credibility and that substantial evidence supported her decision to discount Adamson's credibility

regarding her allegations of pain.  (Jan. 22, 2008, Report and Recommendation 5-8.)  In her

objections, Adamson asserts that the ALJ's decision to discount Adamson's allegations of pain,

including discounting Dr. Holmstrom's opinion in the PCE, was not supported by substantial

---

[2]No objections were filed to the October 29, 2003, Report and Recommendation
recommending remand of Adamson's claim.  Therefore, the court's November 17, 2003, order
adopted the Report and Recommendation without further analysis or discussion.

6

evidence.  (Objections 4.)  In addition, Adamson contends that her medical records supported her

allegations of pain.  (Id. 4-5.)

Upon review, the court agrees with the Magistrate Judge that substantial evidence

supported the ALJ's finding that Adamson's allegations of pain were not entirely credible.  First,

the ALJ correctly noted that Adamson's treatment notes did not support her allegations of

disabling pain.  For example, although Adamson described her pain level at the hearing as between

seven and eight on a scale of one to ten, her treatment notes typically described her as not

appearing in any physical distress.  (R. at 153, 155, 304, 306.)  Second, the ALJ properly relied

upon Adamson's descriptions of her daily activities, which included driving, shopping, visiting

with friends, doing household chores, attending church services, and exercising.  (Id. at 152, 306-

07, 352-53, 401); see Johnson v. Barnhart, 434 F.3d 650, 658 (4th Cir. 2005) (finding that an ALJ

"logically reasoned" that the ability to engage in daily activities such as those described by

Adamson were "inconsistent with the [claimant's] statements of excruciating pain").  Finally, the

ALJ accurately noted that the claimant's treatment had been conservative, that her medication

levels had remained constant, and that she did not need to see her doctors sooner than her regularly

scheduled visits.  (R. at 307); see Mickles v. Shalala, 29 F.3d 918, 930 (4th Cir. 1994) ("[I]t was

not improper for the ALJ to consider the level and type of treatment [the claimant] sought and

obtained in determining what weight to accord her allegations of constant disabling pain.").

Adamson argues that the ALJ erroneously discounted Dr. Holmstrom's PCE as

inconsistent with her treatment notes and clinical findings.  (Objections 4.)  However, as

Magistrate Judge Hendricks found, while the notes reflect Adamson's complaints of pain, the ALJ

reasonably found that other aspects of Dr. Holmstrom's treatment notes undermined her opinion of

disability in the PCE. Specifically, the ALJ based this determination on the fact that there were often no abnormal clinical findings and that her notes typically demonstrated that Adamson was not in distress. (R. at 305, 394-98, 401-05.)

In addition, Adamson points to other evidence in the record supporting her allegations of disabling pain. (Objections 4-5.) The court agrees that evidence exists in the record in support of a finding of disability. However, the court cannot re-weigh the evidence, and as long as the ALJ's finding that Adamson is not disabled is supported by substantial evidence, this court must uphold her decision. See Craig, 76 F.3d at 589. Because the court has found, as discussed above, that the ALJ's decision to discount Adamson's credibility regarding her allegations of pain was supported by substantial evidence, Adamson's assertions that other evidence exists to support her allegations are irrelevant. Therefore, the court finds that Adamson's objection that the ALJ's decision to discount her credibility was not supported by substantial evidence is without merit.

### 3. Dr. Nichols's Opinion

Finally, Adamson objects to the Magistrate Judge's finding that the ALJ properly evaluated the opinion of Adamson's treating physician, Dr. Nichols. In its November 17, 2003, order, this court ordered the ALJ to explain, in light of the factors found in 20 C.F.R. § 404.1527(d)(2), the weight afforded Dr. Nichols's October 2000 opinion that Adamson could not "hold a job." (R. at 195.) On remand, the ALJ assigned "little weight" to Dr. Nichols's opinion that Adamson could not work because: (1) Dr. Nichols's notes showed relatively few clinical findings and generally consisted of the claimant's subjective complaints of pain; (2) Adamson's treatment was relatively conservative and limited to medication; (3) Dr. Nichols placed no restrictions on Adamson; (4) Adamson's visits to Dr. Nichols were relatively infrequent; and (5) at

the time Dr. Nichols gave his opinion of disability, he had not seen Adamson for over nine

months.  (Id. at 303.)

Opinions of disability are reserved for the Commissioner, and "[a] statement by a medical

source that [a claimant is] 'disabled' or 'unable to work' does not mean that [the Commissioner]

will determine that [the claimant] is disabled."  20 C.F.R. § 404.1527(e)(1).  Thus, the ALJ's

rejection of Dr. Nichols's opinion that Adamson's mental impairments would prevent her from

working was proper as long as it was supported by substantial evidence.  The court agrees with the

Magistrate Judge that the ALJ did not err by assigning little weight to Dr. Nichols's opinion

regarding Adamson's ability to work.

All of the reasons set forth for giving little weight to Dr. Nichols's opinion of disability

were appropriate under 20 C.F.R. § 404.1527(d)(2).  The ALJ correctly noted and relied upon the

fact that Adamson's visits with Dr. Nichols had been relatively infrequent and he had not seen

Adamson in nine months when he wrote the letter.  (R. at 303); see 20 C.F.R.

§ 404.1527(d)(2)(i)-(ii).  In addition, the ALJ properly relied upon inconsistencies between

Dr. Nichols's opinion of disability and his treatment notes, which contained few clinical findings

and no limitations on Adamson's activities.  (R. at 303); see 20 C.F.R. § 404.1527(d)(3)-(4);

Craig, 76 F.3d at 590 (upholding an ALJ's rejection of a physician's opinion because it was

inconsistent with the physician's treatment notes).  Based on the foregoing, the ALJ properly

rejected Dr. Nichols's opinion that Adamson could not "hold a job" due to her symptoms.  Based

on the foregoing, the court adopts Magistrate Judge Hendricks's Report and Recommendation

affirming the Commissioner's decision.

Therefore, it is

**ORDERED** that the Commissioner's decision to deny Adamson benefits is affirmed.

**IT IS SO ORDERED**.


                                        s/Henry M. Herlong, Jr.
                                        United States District Judge

Greenville, South Carolina
February 19, 2008